Dear Mr. Teague:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion as to whether the Jefferson Parish Human Services Authority ("JPHSA") is subject to the property control measures of the Louisiana Division of Administration ("DOA") and Louisiana Property Assistance Agency ("LPAA").
In Attorney General Opinion No. 05-0456, our office recognized that the DOA was statutorily charged with the management of state property. See La.R.S. 39:321, et. seq. However, we also recognized that the statutes pertaining to property control were not absolute, and in fact contained an exemption for local governments, governing bodies, officers, or subdivisions of the state. We stated the following:
 "The statutes pertaining to property control specifically define agency as follows:
 (1) "Agency" means any state office, department, board, commission, institution, division, officer or other person, or functional group, heretofore existing or hereafter created, that is authorized to exercise, or that does exercise, any functions of the government of the state, but not any governing body or officer of any local government or subdivision of the state, district attorney, sheriff, or any parochial officer who exercises functions coterminous with the municipality in which he performs those functions. (Emphasis added).
 Thus, the law exempts local governments, governing bodies, officers or subdivisions of the state.
 * * *
As pointed out in your request, the JPHSA is a special parish district created under La.Const, Art. VI, Sec. 19 and La.Rev.Stat. 28:831. La.Rev.Stat. 28:831 provides, in pertinent part, the following:
 § 831. Jefferson Parish Human Services Authority; creation; jurisdiction; powers, duties, and functions
 A. The Jefferson Parish Human Services Authority, hereinafter referred to as the "authority" is hereby created as a special parish district, which through its board shall direct the operation and management of mental health, mental retardation, and substance abuse services for Jefferson Parish only. The authority shall:
 (1) Perform the functions which provide services and continuity of care for the prevention, detection, treatment, rehabilitation, and follow-up care of mental and emotional illness.
 (2) Be responsible for the programs and functions relating to the care, diagnosis, training, treatment, case management, and education of the mentally retarded, the developmentally disabled, and the autistic.
 (3) Perform the functions relating to the care, diagnosis, training, treatment, and education of alcohol or drug abusers and the prevention of alcohol and drug abuse.
 (4) Maintain services in Paragraphs (1) through (3) on at least the same level as the state maintains similar programs in other parishes or regions of the state. The governing authority of Jefferson Parish shall continue to provide funds and in-kind contributions for such programs on at least the level of funding and in-kind contributions in effect during the 1990 fiscal year.
 B. The jurisdiction of the authority shall be limited to Jefferson Parish. The domicile of the authority shall be Gretna, Louisiana.
 * * * F. In addition to its primary duties as provided above, the authority shall have the following powers, duties, and functions:
 (1) To have possession and operating control, but not title to, all real and personal property owned by the state and dedicated to the provision of mental health, mental retardation, and substance abuse services in Jefferson Parish. *Page 3 
 (2) To be contracted with and make contracts of every nature in compliance with the provisions of this Chapter and other state laws.
 (3) To acquire personal property by lease, purchase, donation, or otherwise and to obtain title to same in its own name. The authority may lawfully sell or dispose of said personal property.
 (4) To establish mental health, mental retardation, and substance abuse program policies in conformance with applicable state and federal laws and regulations.
 (5) To maintain services in mental health, mental retardation, and substance abuse at at least the same level as the state maintains similar programs in other parishes or regions of the state.
 * * *
Based on the language of La.Rev.Stat. 28:831, we believe the JPHSA is a local governing body and not a state agency. La.Rev.Stat. 28:831 specifically provides that the JPHSA is a special parish district. Further, the statute limits the JPHSA's authority to Jefferson Parish. Accordingly, we are of the opinion that the management of any property owned by the JPHSA is not controlled by the provisions of La.R.S. 39:321 et seq., and it is our opinion that the JPHSA does not fall under the jurisdiction of either the DOA or the LPAA for purposes of La.R.S. 39:321 et seq.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt